**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ERNEST JACK HILL, III,

       Plaintiff - Appellant,

v.

MICHAEL V. PUGH, Warden;
G.L. HERSHBERGER, Regional
Director B.O.P.; KATHLEEN
HAWK-SAWYER,

       Defendants - Appellees.

No. 02-1161
D.C. No. 00-RB-2511
(D. Colorado)

**ORDER AND JUDGMENT** *

Before **KELLY** , **McKAY** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Earnest Jack Hill, a federal prisoner appearing pro se, brings this civil-rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He appeals the district court's denial of his motion for injunctive relief. This court has appellate jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), which applies to appeals from district court interlocutory orders denying injunctions. [1] We affirm.

Mr. Hill is an inmate at the United States Penitentiary, Administrative Maximum facility in Florence, Colorado (ADX). He filed the instant action alleging that his conditions of confinement have exacerbated his pre-existing mental problems, in violation of the Eighth Amendment prohibition against cruel and unusual punishment. Mr. Hill also moved for an injunction requiring defendants to transfer him to a less restrictive environment. After holding an evidentiary inquiry into the effects of solitary confinement on Mr. Hill's mental condition and considering both parties' tendered documents, the magistrate judge recommended that the motion be denied:

---

[1]  Mr. Hill captioned his filing as a "Renewed Motion for Temporary Restraining-Protective Order." "Ordinarily, denial of a temporary restraining order is not appealable. There are, however, at least two exceptions to this general rule." *Populist Party v. Herschler*, 746 F.2d 656, 661 n.2 (10th Cir. 1984) (citations omitted). This case fits within the exception applicable "when the order in reality operates as a preliminary injunction" because an adversary hearing was held. *Id.* Additionally, we note that the pro se plaintiff, the defendants, the magistrate judge, and the district court all treated the motion as one for preliminary injunctive relief.

> Based upon the record before the court, and more particularly the history of Plaintiff's mental health diagnoses and the frequency of his contacts with the mental health staff at ADX, the [magistrate judge did] not find sufficient evidence to demonstrate that Plaintiff is incarcerated under conditions imposing a substantial risk of serious harm. The [magistrate judge] further [found] that Plaintiff has not demonstrated a substantial likelihood of success on the merits.

R., vol. 3, doc. 114 at 14. The district court reviewed de novo all portions of the magistrate judge's recommendation to which objections were filed, then adopted the magistrate judge's recommendation and denied the request for injunctive relief.

The parties are familiar with the underlying facts and we will not repeat them. This court reviews a "district court's denial of a motion for a preliminary injunction . . . for an abuse of discretion, legal error, or clearly erroneous factual findings." *Kikumura v. Hurley,* 242 F.3d 950, 955 (10th Cir. 2001).

> A movant is entitled to a preliminary injunction if he can establish the following: (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest. Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal.

*Id.* (citation and quotation omitted).

After carefully reviewing the magistrate judge's recommendation, the district court's order, and the record on appeal, we conclude that Mr. Hill has failed to demonstrate an abuse of discretion, legal error, or clearly erroneous

factual findings in connection with the denial of his motion for injunctive relief. We AFFIRM for substantially the same reasons stated in the magistrate judge's recommendation dated December 20, 2001, and the district court's order dated March 25, 2002. We GRANT Mr. Hill's Motion for Leave to Proceed Without Prepayment of Costs or Fees. We remind Mr. Hill that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge